SO ORDERED.

SIGNED this 5th day of January, 2022.



_____
Dale L. Somers
United States Chief Bankruptcy Judge

**Designated for online use but not print publication**
**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF KANSAS**

In re:

**Stephen Kemp,**

                    **Debtor.**

Case No. 21-40365
Chapter 13

**Memorandum Opinion and Order Regarding § 1307(b),**
**Granting in part the United States Trustee's Request for**
**Allowance of Time to Investigate before Entry of Dismissal, and**
**Denying in Part the Chapter 13 Trustee's Motion for**
**Dismissal with Prejudice and Conditions**

The issues before the Court concern the construction of § 1307(b),[1] which states, "[o]n request of the debtor at any time, . . . the court shall dismiss a case under this chapter." Debtor Stephen Kemp ("Debtor")

---

[1] 11 U.S.C. § 1307(b). All references in the text to Title 11 shall be to the section number only.

requested dismissal.[2] In response, the United States Trustee ("UST")[3] moved for time to investigate whether circumstances exist for the filing of a motion to dismiss for cause under § 1307(c) or to impose conditions on a § 1307(b) dismissal.[4] The Chapter 13 Trustee[5] moved for dismissal with prejudice and restrictions.[6] Amicus,[7] in support of the Debtor,[8] opposes the UST's motion. The Court has jurisdiction.[9]

---

[2] Doc. 22.

[3] The United States Trustee appears by Jordan Sickman, Assistant United States Trustee.

[4] Doc. 27.

[5] Chapter 13 Trustee, Jan Hamilton, appears in person and by Teresa L. Arnold, Staff Attorney. After Debtor's notice of dismissal was filed, the Chapter 13 Trustee filed an objection to confirmation, which is not being addressed at this time and will become moot upon voluntary dismissal.

[6] Doc. 40.

[7] Amicus Curiae Coons & Crump, LLC appears by Christopher R. Coons.

[8] Debtor, who is now pro se, has not participated in the present controversy, other than to file the notice of dismissal.

[9] This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Amended Standing Order of Reference of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective June 24, 2013. D. Kan. Standing Order No. 13-1, *printed in* D. Kan. Rules of Practice and Procedure (July 2021). A motion to dismiss concerns the administration of the estate and is a core proceeding which this Court may hear and determine as provided in 28 U.S.C.§ 157(b)(2)(A). There is no objection to venue or jurisdiction over the parties.

The Court finds that the Debtor has a right to an order of voluntary dismissal, precluding entry of a order of dismissal for cause, even if it is shown that Debtor acted in bad faith or abused the bankruptcy process. However, the Court also finds that dismissal at the request of the Debtor may be subject to conditions authorized by Code sections other than § 1307 and the UST may have to time to investigate whether cause exists for a motion to impose conditions.

I.   **Background Facts**

On June 14, 2021, Debtor, through retained counsel, filed a Chapter 13 petition, together with the required statements and schedules. On August 2, 2021, the UST and the Chapter 13 Trustee each received an e-mail from someone at Shawnee Management, LLC, a small rental management company. The e-mail states that Debtor worked at Shawnee Management in several capacities between 2015 and 2019, that Shawnee Management has filed a 2019 Form1099-Misc ("Form 1099") with the Internal Revenue Service under Debtor's identification information for undeclared income of approximately $332,000, and that Debtor is being investigated for financial crimes. Debtor's schedules list unsecured debts of $42,000 and disclose nothing about Shawnee Management.

3

The Chapter 13 Trustee obtained a copy of the Form 1099 on August 11, 2021, and forwarded a copy to Debtor's bankruptcy counsel. Less than a week later, on August 17, 2021, Debtor, through his counsel, filed a notice for dismissal under § 1307(b) and a notice to withdraw documents and information, including Schedules E/F (creditors who have unsecured claims), the creditor matrix, and the verification of the creditor matrix. The Chapter 13 Trustee submitted an order to release wages, which the Court entered on August 18, 2021.

On August 19, 2021, the UST filed objections to Debtor's notices of dismissal and withdrawal of information. With respect to the notice of dismissal, the UST requested that the Court not immediately dismiss the case, but instead give the UST ninety days to investigate whether cause exists to convert the case under § 1307(c) or dismiss with a bar to refiling under § 109(g), with a denial of discharge under § 349(a), or with sanctions under Rule 9011.[10] By early September, a motion to withdraw by Debtor's counsel had been granted. On September 17, 2021, the Chapter 13 Trustee filed an objection to confirmation and motion to dismiss with prejudice and restrictions pursuant to §§ 349(a), 1307(c), and 105(a).

---

[10] All references in the text to "Rule" shall be to the Federal Rules of Bankruptcy Procedure.

After initial briefs were filed by the UST and the Chapter 13 Trustee, a member of the local bankruptcy bar moved for leave to file an amicus brief opposing the UST's motion. The motion for leave was granted, and a brief was filed. The UST and the Chapter 13 Trustee responded.

## II. Analysis

**A. When a Debtor is entitled to dismissal of a Chapter 13 case under § 1307(b), the Court may not dismiss or convert the case to Chapter 7 for cause under § 1307(c).**

Debtor's notice of dismissal is filed under the authority of § 1307(b). The statute provides, "On request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable." The UST and the Chapter 13 Trustee suggest that the Court has authority to convert or dismiss the case under § 1307(c), rather than dismiss at the request of the Debtor. Section 1307(c) provides, "on request of a party in interest or the United States Trustee. . . , the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case . . . for cause." Amicus responds that § 1307(b) grants the Debtor an absolute right to dismiss, even if a basis to convert to Chapter 7 under § 1307(c) exists.

5

There is no Tenth Circuit authority on the question whether, when a debtor requests dismissal of a case which was not converted from another chapter, the Court may nevertheless deny the debtor's request and convert or dismiss the case under § 1307(c). There is a split among the other circuits. The Fifth[11] and Eighth[12] Circuits hold that a Chapter 13 debtor's right to dismissal is qualified by the authority of a bankruptcy court to deny dismissal on grounds of bad faith conduct or abuse of the bankruptcy process. The Second,[13] Sixth,[14] and Ninth[15] Circuits have rejected this approach and hold that a debtor has an absolute right to dismissal, so long as the case has not been converted from Chapters 7, 11, or 12.

Many courts have exhaustively examined the issue. Interpreting § 1307(b) as providing a debtor with an absolute right to dismiss is the majority position.[16] Amicus urges the Court to adopt this position. The UST, although

---

[11] *Jacobsen v. Moser (In re Jacobsen)*, 609 F.3d 647 (5th Cir. 2010).

[12] *Molitor v. Eidson (In re Molitor),* 76 F.3d 218 (8th Cir. 1996).

[13] *Barbieri v. RAJ Acquisition Corp. (In re Barbieri)*, 199 F.3d 616 (2nd Cir. 1999).

[14] *Smith v. U.S. Bank N.A. (In re Smith)*, 999 F.3d 452 (6th Cir. 2021).

[15] *Nichols v. Marana Stockyard & Livestock Market, Inc. (In re Nichols)*, 10 F.4th 956 (9th Cir. 2021).

[16] 7 William L. Norton III, *Bankruptcy Law & Practice 3d* § 248:4 (Thomson Reuters 2021). *See* 8 *Collier on Bankruptcy* ¶ 1307.03 (Richard Levin & Henry J. Sommer eds.-in-chief, 16th ed. 2021) (criticizing the minority position for contradicting

6

requesting time to investigate whether cause exists to convert Debtor's case to Chapter 7 or dismiss under § 1307(c), does not take a position on whether an order under § 1307(c) is permitted when debtor has requested dismissal under § 1307(b). The Chapter 13 Trustee has not briefed the question. Thus, the only argument presented to the Court is that of amicus, who urges adoption of the majority understanding of § 1307(b).

The Court has examined the conflicting case law addressing a debtor's right to dismiss under § 1307(b). This Court finds persuasive the thorough analysis of the Ninth Circuit in *Nichols*,[17] adopting the majority view and overruling the circuit's prior decision to the contrary. In *Nichols*, creditors moved to convert a Chapter 13 case to Chapter 7, and the debtor responded with a motion to voluntarily dismiss. The bankruptcy court denied the motion to dismiss, and the BAP affirmed. The Ninth Circuit reversed, overruling the circuit's prior decision in *Rosson*,[18] which had found an implied bad faith or abuse of process exception to § 1307(b) to deny a request for voluntary dismissal. *Rosson*, decided in 2008, relied on the Supreme Court's decision in

---

"the plain language of the statute, as well as its purpose.").

[17] 10 F.4th at 962.

[18] *In re Rosson*, 545 F.3d 764 (9th Cir. 2008).

7

*Marrama*,[19] which the circuit "understood . . . to stand for the broad proposition that 'even otherwise unqualified rights of a debtor are subject to limitation by the bankruptcy court's power under § 105(a) to police bad faith and abuse of process.'"[20] In *Nichols*, decided in 2021, the Ninth Circuit found that *Law v. Sigel*,[21] decided by the Supreme Court six years after *Marrama*, had "made clear that a bankruptcy court may not use its equitable powers under § 105(a) to contravene express provisions of the Bankruptcy Code."[22] It therefore overruled *Rosson*.

The *Nichols* court next examined "anew whether a Chapter 13 debtor's right to voluntary dismissal of his case under § 1307(b) admits of an exception in the event of the debtor's bad faith or abuse of process."[23]  On this issue, it found that the text of § 1307(b) is unambiguous, leaving no room for the discretion of the bankruptcy court to deny the request. It rejected the contrary decisions of the Fifth and Eighth Circuits – that the right to

---

[19] *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365 (2007).

[20] *Nichols*, 10 F.4th at 960 (*quoting Rosson*, 545 F.3d at 773 n.12).

[21] *Law v. Siegel*, 571 U.S. 415 (2014).

[22] *Nichols*, 10 F.4th at 961 (*citing Law*, 571 U.S. at 422-23).

[23] *Id.* at 962.

8

dismissal is qualified by good faith – as based upon the discredited theory of equitable powers that had been the basis for *Rosson*.

This Court finds that interpreting § 1307(b) to grant a Chapter 13 debtor, whose case has not been converted from another chapter, an absolute right to dismiss is the better reasoned view.[24] As *Collier* observes, decisions imposing a good faith qualification "contradict the plain language of the statute, as well as its purpose."[25] Subsection 1307(b) states that upon the request of the debtor "the court *shall* dismiss" a Chapter 13 case. This Court understands *Law v. Siegel* to preclude reliance on § 105 as authority to impose of a good faith condition on that right. Further, this interpretation of § 1307(b) implements the policy that participation in a Chapter 13 reorganization is totally voluntary. Unlike chapters 7 and 11, there are no involuntary Chapter 13 cases; a debtor chooses to file a Chapter 13 case and may likewise choose to dismiss such a case.

Courts which adopt the majority position hold that a debtor's § 1307(b) request for dismissal precludes a bankruptcy court from granting a conflicting motion for dismissal or conversion for cause under § 1307(c) filed either

---

[24] This view is consistent with that of former Kansas Bankruptcy Judge Nugent in *In re Mills*, 539 B.R. 879 (Bankr. D. Kan. 2015).

[25] 8 *Collier on Bankruptcy* at ¶ 1307.03.

9

before[26] or after a debtor's § 1307(b) request.[27] The Court concludes that Debtor, whose case was not converted from another chapter, has a right to dismiss and cannot be forced into an involuntary liquidation or a dismissal of the case for cause.

The Court therefore denies the UST's request for time to investigate for the purpose of filing a § 1307(c) motion to dismiss or convert for cause and the Chapter 13 Trustee's § 1307(c) motion.

**B. Conditions may be imposed on a § 1307(b) dismissal**

The UST and Chapter 13 Trustee urge that even if dismissal or conversion under § 1307(c) is not available, the Court may place remedial conditions upon a § 1307(b) dismissal. They rely on express remedial authority found in Code sections other than § 1307, such § 349(a). Section 349(a) provides in part:

> Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title.

---

[26] *E.g., In re Mills*, 539 B.R. 879 (Bankr. D. Kan. 2015); *In re Minogue,* 632 B.R. 287 (Bankr. D.S.C. 2021)*; Clearstory & Co. v. Blevins*, 225 B.R.591 (D. Md. 1998).

[27] *E.g., In re Looney*, 90 B.R. 217 (Bankr. W.D. Va. 1988).

Numerous courts agree that a bankruptcy court may impose such conditions.[28] There is nothing in §1307(b) limiting remedies.

The UST identifies four potential sources of remedial authority: § 349(a); § 105(a); Rule 9011; and § 109(g)(1). Amicus agrees that the court has "options to sanction debtors who request dismissal under § 1307(b)," but does not address which option might be appropriate here.

The Court agrees it has the authority to issue remedial sanctions under one or more of the cited sections. But it leaves determination of the specific Code sections which might be applicable in this case for the future, after an evidentiary hearing has been held.

**C. The entry of an order of dismissal under § 1307(b) may be delayed to allow inquiry into whether Debtor acted in bad faith or otherwise abused the bankruptcy process.**

The parties dispute whether an order of voluntary dismissal under § 1307(b) must be entered immediately or may be delayed to allow

---

[28] *In re Minogue*, 632 B.R. at 387 (collecting cases); *In re Rios*, No. 13-11076, 2016 WL 8461532, at *1 (Bankr. D. Kan. Dec. 9, 2016) (Nugent, J.) ("While a chapter 13 debtor can voluntarily dismiss her case at any time and for any reason under 11 U.S.C. § 1307(b), the bankruptcy court retains the discretion to condition that dismissal in several ways. If there is cause, the Court may except debts that are dischargeable in the current case from discharge in a future case. And, if the debtor has violated a court order or engaged in certain other misconduct, the Court can bar the debtor from refiling for a period of 180 days. Courts can only exercise these powers after notice and hearing and receiving evidence of cause or of other misconduct.").

investigation of the possible basis for remedial conditions. The UST seeks delay to allow investigation, and the Chapter 13 Trustee supports this position. Amicus urges that the Court is required to immediately enter an order when a debtor requests dismissal.

Neither the Code nor the Rules directly answer this question. However, Rule 1017(f)(2) does state that "dismissal under § . . . 1307(b) shall be on motion filed and served as required by Rule 9013." Rule 9013 provides that generally a request for an order shall be by written motion served on the entities specified by the Rules. As the Chapter 13 Trustee argues, why would a request for dismissal need to be served if the order must be immediately entered without time for objection or hearing?

Further, a requirement of immediate dismissal would conflict with the possibility of remedial conditions authorized under § 349(a). In the Tenth Circuit, "a prejudicial dismissal under § 349(a) must be premised on bad faith conduct that is prejudicial to creditors."[29] To protect a debtor's due process rights, courts can exercise the powers under § 349(a) only after notice, conducting a hearing, and receiving evidence.[30] This procedure requires delay

---

[29] *In re Frieouf*, 938 F.2d 1099, 1104 (10th Cir. 19910 (*citing Hall v. Vance*, 887 F.2d 1041, 1045 (10th Cir. 1989).

[30] *In re Rios*, 2016 WL 8461532, at *1.

between the filing of the request for dismissal and entry of the order of dismissal.[31]

Amicus argues that to delay dismissal forces the Debtor to be an involuntary Chapter 13 debtor, contrary to the policy of Chapter 13. No supporting authorities are provided. No harm to the Debtor is identified. The argument of amicus pales in comparison to the adverse effect of requiring immediate dismissal. A functional implementation of the construction of § 1307(b) as allowing for the imposition of remedial conditions requires allowing time for investigation, and an evidentiary hearing on a motion, if a motion is filed.

## III. Conclusion

The Court finds that a Chapter 13 debtor, whose case has not been converted from another chapter, has a right to voluntary dismissal under § 1307(b), which is not subject to an implied condition of good faith and cannot be denied because of a pending motion to dismiss or convert for cause under § 1307(c). The Court therefore denies the UST's motion for time to investigate

---

[31] The argument that dismissal under § 1307(b) is effective immediately upon the filing of the request has been rejected in other circumstances. *In re Merritt*, 39 B.R. 462, 465 (Bankr. E.D. Pa. 1984) ("The court may delay the entry of an order for dismissal after the debtor has filed a motion for such relief under § 1307(b), so that prior to the termination of the action we may enter orders protecting rights gained in reliance on the pendency of the bankruptcy.").

for the purpose of filing a motion under § 1307(c) and also denies the Chapter 13 Trustee's motion to dismiss under §1307(c). However, the Court finds that remedial conditions may be imposed on a voluntary order of dismissal and grants the UST's motion for ninety days from the date of this order to investigate whether grounds exist to file a motion for imposition of remedies.

**It is so ordered.**

### ###